Thomas Dickens, J.
Through the medium of this motion, defendant seeks permission for an inspection of the Grand Jury minutes pursuant to ‘ ‘ Sections 39, 51, and 952 ’ ’ of the Code of Criminal Procedure and also for a dismissal of the indictment,
The indictment charges the commission of incest, rape in the second degree, assault in the second degree, and impairing the morals of a child — crimes which are covered by sections 1110, 2010, 242, and 483 of the Penal Law, in their respective order.
Defendant proceeds on the belief that his daughter, aged 13 years, was the only witness to testify against him before the Grand Jury, and, therefore, contends that her testimony at such tender age requires corroborative evidence. On the premise of what took place in the Magistrate’s Court, he now assumes that such supporting evidence was not presented to the Grand Jury.
He makes the point also that the reason why his daughter charges him with having had acts of sexual intercourse with her is that she is bent on seeking retribution in retaliation for his exercising strict paternal discipline and supervision over her. He “ steadfastly and adamantly” denies the charge of carnal knowledge.
From a close reading of the full context of the affidavit annexed to the notice of motion, I conclude that it is unnecessary to grant an inspection. (See People v. Howell, 3 A D 2d 153, 158, affd. 3 N Y 2d 672.)
Seemingly, corroboration of the act, or acts involved, is not necessary in a prosecution for the crime of incest. (People v. Gibson, 301N. Y. 244.)
If defendant’s contention is correct so far as the crime of impairing the morals of a minor is concerned, then it appears to me that under People v. Oyala (6 N Y 2d 259) and under People v. Porcaro (6 N Y 2d 248), both cited by defendant, a trial must be had to determine whether the testimony adduced at the trial “ is not of the clear and convincing kind which is necessary in order to sustain a conviction ”. (People v. Porcaro, supra, p. 252.) Motion denied.